[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATEMENT RE: VERDICT
The court, after heaving the full trial of this case and the arguments of counsel and after deliberations among the three members of this panel, has decided upon a verdict. While a judge court impanelled pursuant to Section 54-82(b) of the Connecticut General Statutes may act by majority vote, the verdict to be announced, as well as the factual findings supporting the verdict, represents the unanimous opinion of the three members of this court.
The amended information charges the defendant in count one with the crime of murder in violation of Section 53a-54a of the Connecticut General Statutes and in count two with carrying a pistol without a permit in violation of Section 29-35 and Section29-37(b) of the Connecticut General Statutes. We have given separate consideration to each of these charges and will discuss each separately.
Count one of the amended information charges the defendant, Billy Joe Santos, with the crime of murder alleging that at the city of Bridgeport on the 9th day of November, 1992, at or about 1:00 a.m. at 52-56 Sanford Place, Billy Joe Santos, with intent to cause the death of a person, did shoot and cause the death of Lee Ann Strong.
Proof of the crime of murder requires two essential elements beyond a reasonable doubt. Those elements are:
 First: That the defendant had the intent to cause the death of another person, in this case Lee Ann Strong; and
 Second: That, acting with that intent, the defendant caused the death of Lee Ann Strong. CT Page 7712
The state bears the burden of proving each of these elements. The defendant, through counsel, claims that the state has failed to prove that he had the intent to cause the death of Lee Ann Strong because of the circumstances surrounding the incident and his intoxication. In addition, the defendant claims that even if the elements of murder were proven by the state, a verdict should be returned on a lesser degree of homicide because at the time of the shooting he was acting under the influence of an extreme emotional disturbance.
The court finds that the evidence establishes that on the date, time and place alleged in the amended information Lee Ann Strong drove a pickup down Sanford Place and stopped the truck in the general area in front of 52-56 Sanford Place. Christina Gay was in the truck with Strong. While parked in the street, Strong was approached by the defendant and Jorge Ramos. The defendant was armed with a handgun. Ramos was suffering from a recently inflicted gunshot wound to the face. The defendant asked Strong for assistance to take Ramos to the hospital. When the victim refused the request and started to drive away, the defendant walked to the back of the truck, readied himself, pointed the gun, cocked it and fired a shot that penetrated the rear window of the departing pickup truck and hit the victim's shoulder area. The bullet entered the victim's body perforating a major blood vessel that resulted in internal bleeding causing her death.
In considering whether the defendant possessed the necessary intent to cause the death of the victim, the court has considered the defendant's claim that he was intoxicated to such a degree as to negate the element of specific intent. We do not find that he was so intoxicated that his mind was incapable of forming the necessary intent. This finding is based, in part, on the defendant's actions immediately prior to and subsequent to the shooting. The defendant provided Ramos with a towel to stop the bleeding from his wound. He walked with Ramos from the house at 52-56 Sanford Place out to the victim's truck. After the request for aid was refused and the shooting occurred, the defendant left the area with Ramos and continued to assist him by walking with him to a bar and arranging transportation to the hospital. We do not find that there was a substantial disturbance of the mental or physical capacities of the defendant resulting from the introduction of substances into his body.
We find beyond a reasonable doubt that the defendant did CT Page 7713 possess the intent to cause the death of Lee Ann Strong. The defendant's use of a .38 caliber handgun loaded with hollow point bullets, his change of position in the street to gain a clear and direct line of fire at the victim, his pointing the gun at the victim as she drove away, his cocking of the gun before he fired it, and his firing the gun at her from a relatively short distance, when taken together prove that the defendant's conscious objective was to shoot Lee Ann Strong. We infer from this conduct that the defendant acted with the intent to cause the victim's death. We have considered the defendant's statement to the police that he was only firing at the back of the truck and not at its occupants. We reject this explanation because it is a self-serving claim made in the context of the defendant's statement to the police wherein he provided two totally false accounts of how the shooting occurred prior to admitting shooting only at the truck. We also find that this explanation is inconsistent with the defendant's actual conduct.
We also find beyond a reasonable doubt that the defendant caused the death of the victim.
The defendant claims that notwithstanding the fact that the two elements of murder have been proven, that the offense should be mitigated because his actions were the result of an extreme emotional disturbance. In order to gain the benefit of this affirmative defense, the defendant must prove by a fair preponderance of the evidence the following three elements. First, that the emotional disturbance was not a mental disease or defect that rises to the level of the affirmative defense of mental disease or defect. Second, that the defendant was exposed to an extremely unusual and overwhelming stress that is more than mere annoyance or unhappiness. Third, that the defendant had an extreme reaction to this stress as a result of which there was a loss of self-control and his reason was overcome by intense feelings such as passion, anger, distress, grief, excessive agitation or other similar emotions. The word "extreme" as used in this defense means the greatest degree of intensity away from the norm, away from the normal and usual state of the defendant.
In order to find this defense proven, the court must also find that there was a reasonable explanation for any emotional disturbance suffered by the defendant at the time of the shooting. The reasonableness of this explanation or excuse is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them CT Page 7714 to be.
The court finds that the victim's refusal to agree to the defendant's request to take Ramos to the hospital when considered from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be did not provide a reasonable explanation for the defendant's act of shooting at and killing the victim. The court has fully considered the unusual circumstances surrounding the shooting of Ramos and the other circumstances that the defendant was in, but nevertheless finds that the defendant's conduct cannot be seasonably explained. Accordingly, the court finds that the defendant has not sustained his burden to prove the defense of extreme emotional disturbance.
Count two charges the defendant with carrying a pistol without a permit in violation of Section 29-35 of the Connecticut General Statutes. This offense requires the state to prove that (1) the defendant carried a pistol or revolver, as defined by Connecticut law, upon his person while outside his dwelling house or place of business, and (2) the defendant did not have a permit to carry the pistol or revolver.
The court finds that the state has proven these two elements beyond a reasonable doubt.
CONCLUSION
After application of the proven facts to the applicable law, it is the unanimous verdict of this court that as to the crime of murder in violation of Section 53a-54a of the Connecticut General Statutes as alleged in count one of the amended information the defendant is guilty. As to the crime of carrying a pistol or revolver without a permit in violation of Section 29-35 of the Connecticut general Statutes, it is the unanimous verdict of this court that the defendant is guilty.
Hon. Martin L. McKeever, Presiding
Hon. John P. Maiocco, Jr.
Hon. Robert J. Devlin, Jr. CT Page 7715